IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KEISHAWN A. HENLEY (01),**<br><br>    **Defendant.** | Case No. 16-40054-01-DDC |

## MEMORANDUM AND ORDER

On May 11, 2017, Mr. Keishawn Henley pleaded guilty to burglary and abusive sexual contact committed within the Fort Riley Military Installation. He served a nine-month imprisonment sentence and a one-year term of supervised release. Also, he agreed to register as a sex offender under 42 U.S.C. § 16901 (now codified at 34 U.S.C. § 20901). Mr. Henley now comes before the court on a pro se Motion for Expungement of his criminal record. Doc. 56. For reasons set forth below, the court denies Mr. Henley's Motion for Expungement.

**I.    Background**

On October 27, 2015, Mr. Henley broke into a home on the Fort Riley Military Installation and sexually assaulted a young woman. Doc. 29. A grand jury indicted Mr. Henley on June 29, 2016. Doc. 1. Officers arrested him in Waco, Texas on November 17, 2016. Doc. 11. On May 11, 2017, Mr. Henley pleaded guilty to burglary in violation of 18 U.S.C. § 13 and abusive sexual contact in violation of 18 U.S.C. § 2244(b). Doc. 29 at 1–2. This court sentenced Mr. Henley on October 6, 2017, to nine months' imprisonment, one-year of supervised release, and ordered him to pay a $200 assessment. Doc. 52 at 2–3, 6. Mr. Henley agreed to register as a sex offender under 42 U.S.C. § 16901, or the Sex Offender Registration and Notification Act

(SORNA), as part of the mandatory condition of his supervised release. *Id.* Mr. Henley completed his prison term and supervised release. He now has petitioned this court pro se for expungement of his criminal record. Doc. 56. Because he appears pro se, the court construes his motion liberally. *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## II.     Analysis

The Tenth Circuit has recognized that district courts hold the power to expunge criminal records. *Pinto*, 1 F.3d at 1070 ("[A]uthority to order expungement must stem from the inherent equitable powers of the court."); *see also Camfield v. City of Okla. City*, 248 F.3d 1214, 1234 (10th Cir. 2001) ("[C]ourts have inherent equitable authority to order the expungement of an arrest record or a conviction."); *United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988) ("[T]he district court has the authority to order [expungement], but the power is not unfettered."); *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir. 1977) (citing *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)). Expungement "is committed to the discretion of the trial court, but it is not a remedy to be granted frequently." *Friesen*, 853 F.2d at 817.

Notably, the Tenth Circuit has explained that courts should permit expungement only "in rare or extreme instances." *Camfield*, 248 F.3d at 1234 (citing *Pinto*, 1 F.3d at 1070). "This 'unusual or extreme case' standard requires a defendant to overcome a heavy presumption against expungement." *United States v. Aston*, No. 97-4039, 1997 WL 755136, at *1 (10th Cir. Dec. 4, 1997). When dealing with criminal convictions, the defendant must show "that the conviction is legally infirm or was secured through improper government conduct." *United States v. Trzaska*, 781 F. App'x 697, 701 (10th Cir. 2019); *see also Pinto*, 1 F.3d at 1070 ("[W]hen a conviction is somehow invalidated, such as by a finding that it was unconstitutional,

2

illegal, or obtained through government misconduct, a federal court may, in appropriate cases, grant expungement."); *Bromley*, 561 F.2d at 1364 ("[Expungement] has been exercised to remove the effects of unconstitutional prosecution.").

When analyzing whether expungement is appropriate, the court must employ a balancing test, weighing the government's interests against the Mr. Henley's alleged harm. *See Aston*, 1997 WL 755136 at *1. Some of the relevant factors courts must consider include: (1) was the conviction somehow improper; (2) is there a factual basis for the finding of impropriety; (3) do "the interests of the State in maintaining records for law enforcement [outweigh] the individual's rights"; and (4) are the circumstances for the defendant so compelling the court should grant expungement in the interest of justice. *Trzaska*, 781 F. App'x at 701–03 (internal quotations omitted). Courts routinely deny motions seeking an expungement when a defendant fails to make a sufficient showing for all four factors. *See, e.g.*, *Pinto*, 1 F.3d at 1070 (denying defendant's motion when the only factual allegation was that the conviction was "unjustly interfering with her efforts to rebuild her life"); *Shook v. United States*, No. MC 17-0024 JB, 2021 WL 4847384, at *21 (D.N.M. Oct. 18, 2021) (denying defendant's motion for expungement under those four factors); *United States v. Stegman*, No. 14-20109-02-JAR, 2016 WL 4430021, at *2 (D. Kan. Aug. 22, 2016) ("[Defendant] speculates that he could experience some future damage to his business, without offering any specific allegations regarding damage that has actually occurred."); *cf. Trzaska*, 781 F. App'x at 703–05 (holding district court erred by denying expungement because expungement of arrest records does not require a showing of government misconduct.); *United States v. Williams*, 582 F. Supp. 2d 1345, 1348 (D. Utah 2008) (concluding defendant sufficiently showed evidentiary harms that he sustained due to his criminal conviction, such as a letter from his employer stating it would not promote defendant

3

higher in the company unless the conviction was removed). In the current case, Mr. Henley has not shown substantial and compelling reasons for why this court should overturn his criminal conviction.

*First*, Mr. Henley provides no facts showing the government acted improperly to secure his conviction. Mr. Henley voluntarily and knowingly pleaded guilty to his charge in 2017. He has not raised any allegations of prosecutorial impropriety or mistake in securing that conviction. The Tenth Circuit has recognized that "'there is a large difference between expunging the *arrest record* of a presumably innocent person, and expunging *the conviction* of a person adjudged as guilty in a court of law.'" *Trzaska*, 781 F. App'x at 701 (quoting *Pinto*, 1 F.3d at 1070). This difference is particularly distinct in a case where, as here, the defendant has admitted his guilt. So, Mr. Henley fails the first and second factors of the balancing test.

*Second*, Mr. Henley agreed to register as a sex offender under SORNA as part of his plea agreement. Doc. 30 at 17. The government has a compelling interest in keeping records on sex offenders. *See* 34 U.S.C. § 20901 (stating the purpose of the statute); *see also United States v. Carr*, 560 U.S. 438, 455–56 (2010) (explaining Congress's intent when enacting SORNA); *United States v. Yelloweagle*, 643 F.3d 1275, 1277 (10th Cir. 2011) ("'SORNA was enacted to keep track of sex offenders.'" (quoting *United States v. George*, 625 F.3d 1124, 1129 (9th Cir. 2010))). Also, continuing to register is a duty required under the SORNA conviction. *Yelloweagle*, 643 F.3d at 1277 (quoting 42 U.S.C. § 16913(a)); *see also* 34 U.S.C. § 20913 (originally codified at 42 U.S.C. § 16913). Thus, Mr. Henley hasn't shown that any harm he may sustain from his conviction outweighs the government's interest in keeping true and accurate sex offender records. Mr. Henley thus fails the third factor of the test.

*Finally*, Mr. Henley provides vague assertions of potential harm, such as the loss of access to jobs, housing, and voting rights. Doc 56-1 at 1. Mr. Henley lists many general opportunities that people "with a past record" are not able to secure, and states that he has missed "a lot of opportunities" because of his conviction. *Id.* While it is certainly unfortunate that Mr. Henley has lost certain opportunities after his conviction, our Circuit has recognized that these harms "'are not unusual or unwarranted. Instead, they are the natural and intended collateral consequences of having been convicted.'" *Pinto*, 1 F.3d at 1070–71 (quoting *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991)). Thus, Mr. Henley fails to satisfy the fourth factor for expungement.

In sum, all four considerations favor denying Mr. Henley's request for an expungement. The court thus denies his motion.

### III. Conclusion

When a motion for expungement "fail[s] to aver a legally viable claim for relief on its face . . . it should be denied on that basis." *Trzaska*, 781 F. App'x at 701. The court has weighed Mr. Henley's request for expungement against the government's interest in maintaining his criminal record and has found that Mr. Henley has not met the heavy burden required to overcome the government's interest. For this reason, the court denies Mr. Henley's Motion for Expungement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Keishawn A. Henley's Motion for Expungement (Doc. 56) is denied.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2022, at Kansas City, Kansas.

                                                          **s/ Daniel D. Crabtree**
                                                          **Daniel D. Crabtree**
                                                          **United States District Judge**